UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEITH M. DILLON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-6488** |
| **JEFFERSON PARISH COURTS AND JAIL** | **SECTION "M"(2)** |

### REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITHOUT PREJUDICE**

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

as moot, for seeking relief which is not available, and otherwise for failure to exhaust state court remedies.

## I. STATE COURT PROCEDURAL BACKGROUND

The petitioner, Keith M. Dillon, is incarcerated in the Jefferson Parish Correctional Center in Gretna, Louisiana.[2] Dillon was arrested for a third offense under La. Rev. Stat. Ann. §14:98, driving while intoxicated ("DWI").[3] He was later charged by bill of information in Jefferson Parish with third offense DWI on August 20, 2004.[4]

Dillon failed to appear for his arraignment on several occasions and his bond was eventually forfeited.[5] Dillon was arrested on or about July 12, 2005, pursuant to an attachment from the state trial court, and he remains incarcerated.[6]

On November 2, 2005, Dillon filed a pro se motion to quash the bill of information, alleging that the time limitation for institution of the prosecution or for the

---

[2] Rec. Doc. No. 1, Petition.

[3] St. Rec. Vol. 1 of 1, Bill of Information, 8/20/04.

[4] Id.

[5] St. Rec. Vol. 1 of 1, Minute Entry, 4/20/05; Judgment Forfeiting Bail Bond, 4/20/05.

[6] St. Rec. Vol. 1 of 1, Minute Entry, 7/12/05; Recall of Attachment or Capias, 7/12/05. Dillon indicates in his petition that he was arrested at his home on July 11, 2005.

commencement of trial had expired.[7] At a hearing held on March 28, 2006, the state trial court denied the motion.[8] Two days later, on March 30, 2006, Dillon entered a plea of guilty to the charge.[9] He was sentenced to serve two years and six months, with credit for time served.[10] The state trial court suspended all but 30 days of the sentence and placed Dillon on active probation and home incarceration for a period of two years and six months. Dillon was also required to attend substance abuse treatment at an inpatient facility for not less than four weeks and no more than six weeks. Dillon's counsel moved in state court for an appeal and the motion was granted.[11]

## II.    FEDERAL HABEAS PETITION

On December 27, 2005, Dillon filed a petition for federal habeas corpus relief, alleging that his rights to a speedy trial on the third offense DWI had been violated.[12] He also stated that he was being held on a detainer from Orleans Parish on an alleged fourth

---

[7] St. Rec. Vol. 1 of 1, Motion to Quash, 11/2/05.

[8] St. Rec. Vol. 1 of 1, Minute Entry, 3/28/06.

[9] St. Rec. Vol. 1 of 1, Minute Entry, 3/30/06; Defendant's Acknowledgment of Constitutional Rights and Waiver of Rights on Entry of a Plea of Guilty, 3/30/06.

[10] St. Rec. Vol. 1 of 1, Minute Entry, 3/30/06.

[11] St. Rec. Vol. 1 of 1, Motion for Appeal, 3/30/06.

[12] Rec. Doc. No. 1.

offender DWI charge pending in that parish.[13] He further argued that he had spent a sufficient amount of time in jail to warrant his release on any and all of his charges.

The State filed a response to Dillon's petition, alleging that his claim that his speedy trial rights were violated are moot and that he has otherwise failed to exhaust state court remedies.

III.  NATURE OF THE CURRENT PETITION

Dillon has presented his claims on the form reserved for the filing of habeas corpus petitions under 28 U.S.C. § 2254. However, given his attempt to assert a right to a speedy trial, "the issue here is whether habeas corpus is warranted under § 2241(c)(3); that section empowers district courts to issue the writ, inter alia, before a judgment is rendered in a criminal proceeding." Braden v. Jud. Cir. Ct. of Ky., 410 U.S. 484, 503-04 (1973). Thus, it is appropriate for this court to consider Dillon's petition under the rules applicable to pretrial petitions brought pursuant to Section 2241.

The record reflects that Dillon's request that his charges be dismissed for speedy trial violation are now moot and that he has not otherwise exhausted his state court remedies related to his conviction and sentence for third offense DWI.

---

[13]As the record reflects, Dillon initially raised challenges to this Jefferson Parish third offense DWI, the alleged fourth offense DWI pending in Orleans Parish, and his first offense DWI in St. Bernard Parish. On Dillon's selection, this petition is proceeding only as to the Jefferson Parish charge. Rec. Doc. Nos. 2, 7.

IV.     MOOTNESS OF PRETRIAL ISSUES

Dillon's petition is now moot and he is no longer entitled to federal review of his speedy trial issues.  Claims for federal habeas relief of pretrial issues are mooted by a petitioner's subsequent conviction.  Yohey v. Collins, 985 F.2d 222, 228-29 (5th Cir. 1993) (citing Fassler v. United States, 858 F.2d 1016, 1018 (5th Cir. 1988)); United States v. Zuniga-Salinas, 945 F.2d 1302, 1306 n.1 (5th Cir. 1991), modified in part on other grounds, 952 F.2d 876 (5th Cir. 1992); Thornton v. Johnson, No. 3:00-CV-1875-G, 2001 WL 204777, at *4 (N.D. Tex. Feb. 27, 2001) (Sanderson, M.J.), report & recommendation adopted, 2001 WL 313959 (N.D. Tex. Mar. 30, 2001) (Fish, J.).

In his state court case, Dillon entered a plea of guilty to the third offense DWI.  This renders moot his claims concerning pretrial issues of violation of speedy trial limitations.

V.      FEDERAL HABEAS RELIEF IS NOT AVAILABLE

Even if Dillon's petition is not moot, he is not entitled to the relief he seeks.  In his application, the only relief sought by Dillon is dismissal of the charges against him and not the enforcement of his right to a speedy trial.  It is well settled, however, that federal habeas relief is not available "to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial."  Dickerson v. Louisiana, 816 F.2d 220, 226 (5th Cir. 1987)

(quoting Braden, 410 U.S. at 489-92 and citing Brown v. Estelle, 530 F.2d 1280, 1283 (5th Cir. 1976)).  Thus, the relief Dillon seeks, dismissal of the charges against him, is not an available remedy for a speedy trial challenge in a federal habeas corpus petition. His claims seek relief which cannot be granted by this court, and his petition must therefore be dismissed.

## VI.   EXHAUSTION OF STATE COURT REMEDIES

Even if Dillon sought appropriate relief, he has failed to exhaust state court remedies.  Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c)(3), a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner. Dickerson, 816 F.2d at 225; Greer v. St. Tammany Parish Jail, 693 F. Supp. 502, 508 (E.D. La. 1988); see also Braden, 410 U.S. at 489-92.  The exhaustion doctrine is applied to Section 2241(c)(3) as a matter of comity and is based on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. Dickerson, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when all grounds urged in a federal petition were previously presented to the state's highest court in a procedurally

proper manner. Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988). Within the context of a Section 2241 action, this exhaustion requirement is obviated only if "special circumstances" exist. Dickerson, 816 F.2d at 225 (citing Braden, 410 U.S. at 489); Tooten v. Shevin, 493 F.2d 173, 177 (5th Cir. 1975).

The record in this case reflects that Dillon did not pursue appellate relief at any level on his speedy trial issue prior to entering his guilty plea. My staff has also confirmed with the clerk of the Louisiana Supreme Court that Dillon has not sought post-conviction relief in that court. Dillon has failed to exhaust state court remedies either before or after his conviction. His claims must be dismissed for this reason.

## RECOMMENDATION

It is therefore **RECOMMENDED** that the petition of Keith Dillon for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** as moot, for seeking relief which is not available and otherwise for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __26th__ day of July, 2006.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE